UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

JEREMY RICHARDS,

       Plaintiff,                                  CIV 99-182   LCS

vs.

JEFFERSON PILOT FINANCIAL,
a Foreign Corporation,

       Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER came on for consideration of Plaintiff's Motion for Summary Judgment or Preliminary Injunction, filed August 24, 1999 *(Doc. 13)*, Defendant's Counter-motion for Partial Summary Judgment, filed August 24, 1999 *(Doc. 15)*, and Plaintiff's Motion for Leave to Amend, filed October 4, 1999 *(Doc. 26)*. The Court has reviewed the motions, the memoranda of the parties, and the relevant law. The Court finds that Plaintiff's Motion to Amend is well taken in part and will be granted in part. The Court further finds that Plaintiff's Motion for Summary Judgment or Preliminary Injunction is not well taken and will be denied. The Court finally finds that Defendant's Counter-motion for Partial Summary Judgment is well taken and will be granted.

### I. Background

Plaintiff was employed by Tweeds, Inc. for a period of time during which Tweeds, Inc.

1

had in place a long-term disability benefits plan (the "Plan"). The parties agree that the Plan was a qualified plan under the Employee Retirement Income Security Act (ERISA) and that Plaintiff was a covered employee under the Plan. Tweeds entered into a contract with Defendant Jefferson-Pilot Life Insurance Company ("Jefferson-Pilot") to insure the Plan. Jefferson-Pilot also provided claims processing services under the Plan. However, the Summary Plan Description provided that "[t]he Plan Sponsor and Administrator is Tweeds, Inc."

Plaintiff's doctors diagnosed Plaintiff with Crohn's disease, inflammatory bowel disease and bipolar disorder. Plaintiff began receiving long-term disability benefits on July 20, 1995. The Plan provides that after three years of receiving benefits, a recipient must meet a more stringent requirement to remain eligible. Specifically, the Plan defines "total disability" after three years of benefits have been paid as follows:

> (b) after thirty-six months of benefits have been paid, you are unable to perform with reasonable continuity all of the material and substantial duties of your own or any other occupation for which you are or become reasonably fitted by training, education, experience, age and physical and mental capacity.

On June 16, 1998, Jefferson Pilot Financial informed Plaintiff that information in his file indicated that he did not meet the stricter definition of total disability, and that his benefits would end on July 20, 1998. Plaintiff responded with a letter dated July 8, 1998, in which he listed five additional doctors who were treating him for various ailments, and requested an appeal. After that date, Plaintiff contacted an attorney who requested additional information from Jefferson Pilot Financial. Jefferson Pilot Financial responded with a series of letters refusing to release medical information to Plaintiff's attorney without an authorization, and repeating its position that Plaintiff must supply further medical information in order for Jefferson Pilot to review the appeal.

2

Finally, on January 18, 1999, Jefferson Pilot's "Quality Assurance and Procedures Coordinator" stated that Jefferson Pilot was upholding its decision to terminate Plaintiff's benefits as of July 20, 1998.

Plaintiff filed his original complaint on February 22, 1999. In his Complaint, Plaintiff named Jefferson Pilot Financial as the defendant and raised three claims for relief. Defendant filed its Answer to the Complaint on May 25, 1999. At the initial scheduling conference held on July 26, 1999, Plaintiff's attorney informed the Court that Plaintiff would be filing an amended complaint including the plan administrator as a defendant. Plaintiff filed his First Amended Complaint on August 24, 1999. The First Amended Complaint names Jefferson Pilot Financial and Tweeds, Incorporated as defendants and includes five claims for relief. Two of Plaintiff's claims for relief are new claims. Defendant does not object to the addition of Tweeds, Inc. as a defendant, but does object to the fact that the new claims were added without leave of the Court. In response, Plaintiff has filed his Motion for Leave to Amend.

## II. Plaintiff's Motion for Leave to Amend

Leave to amend a pleading "shall be freely given when justice so requires." FED. R. CIV. P. 15(a). The Supreme Court has reminded us that "this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Although the decision to grant leave to amend is within the discretion of the trial court, leave to amend should be freely given unless there is a justifying reason for the denial. *See id.* However, leave to amend may be denied if the amendment would be futile. *See id.*

An amendment is futile if the proposed amended complaint would not survive either a motion to dismiss or a motion for summary judgment. *See Bauchman v. West High Sch.*, 132

F.3d 542, 562 (10th Cir. 1997); *Wilson v. American Trans Air, Inc.*, 874 F.2d 386, 392 (7th Cir. 1989). Unless a proposed amendment is clearly futile, conjecture about the merits of the amendment should not enter the decision of whether to grant leave to amend. *See Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980).

Plaintiff's amended complaint adds Tweeds, Inc. as a defendant. Defendant Jefferson Pilot does not object to the addition of Tweeds, Inc. as a defendant. As the parties noted during the Rule 16 Initial Scheduling Conference, Tweeds, Inc., as the plan administrator, is the proper defendant in an action for ERISA benefits. *See Terry v. Bayer Corp.*, 145 F.3d 28, 35 (1st Cir. 1998); *Garren v. John Hancock Mut. Life Ins. Co.*, 114 F.3d 186, 187 (11th Cir. 1997). *See also* Part IV, *infra*. Plaintiff will be granted leave to amend his complaint to add Tweeds, Inc. as a defendant.

Plaintiff also seeks leave to amend to add two new claims for relief, breach of fiduciary duty under 29 U.S.C. § 1104(a)(1) and violation of the New Mexico Insurance Practice Act, N.M. Stat. Ann. § 59A-16-20. As to Plaintiff's claim for breach of fiduciary duty, Defendant argues that the claim is redundant at best because Plaintiff can seek only equitable relief for breach of fiduciary duty. The Court notes that 29 U.S.C. § 1104 only specifies the standard of care; Plaintiff must still look to 29 U.S.C. § 1132 for his private cause of action. The private causes of action available to Plaintiff include an action to recover benefits, an action for the relief in 29 U.S.C. § 1109 to force the fiduciary to make good to the plan any losses (or disgorge any wrongfully retained profits) due to a breach of fiduciary duty, an action to recover statutory $100 per day damages for failure to supply requested information, and actions for injunctive relief. Therefore, Defendant is correct that the relief that can be attained by Plaintiff in this claim

overlaps relief that may be available in the first three counts. Nonetheless, the claim for breach of fiduciary duty could provide an alternate ground for the relief sought by Plaintiff. Therefore, I will grant leave to amend to add the claim for breach of fiduciary duty.

Plaintiff's fifth claim for relief alleges a violation of the New Mexico Insurance Practice Act. Defendant claims that any amendment to include this claim would be futile because ERISA preempts this state law cause of action. Plaintiff responds by pointing out that ERISA preemption does not extend to state laws that regulate insurance, and N.M. Stat. Ann. § 59A-16-20 is a law that regulates insurance. Plaintiff points to the recent Supreme Court case of *UNUM Life Ins. Co. v. Ward*, 119 S. Ct. 1380 (1999), in which the Court held that a California "notice-prejudice rule" that prohibits insurance companies from denying claims based on an insured's failure to give timely notice unless the insurance company is prejudiced by the failure to give timely notice was not preempted by ERISA. According to Plaintiff, Section 59A-16-20 is a "law regulating insurance" within the meaning of ERISA and the Supreme Court's *UNUM* decision.

I agree that N.M. Stat. Ann. § 59A-16-20 is a law regulating insurance that is not preempted by ERISA. However, that does not assist Plaintiff in this case. The New Mexico statute cited by Plaintiff merely prohibits certain unfair and deceptive practices by insurance companies. Plaintiff must look to other provisions of state or federal law for a cause of action to enforce this section's prohibitions. Two sections of the insurance code may be applicable to enforce the prohibitions contained in this section: N.M. Stat. Ann § 59A-16-29, relating to actions brought by the state superintendent of insurance, and § 59A-16-30, which permits a private cause of action for damages. Although actions brought by the state superintendent of insurance to suspend or revoke insurance licenses for violation of § 59A-16-20 may qualify as

5

"laws regulating insurance," a private tort cause of action brought under § 59A-16-30 does not.

Plaintiff is attempting to incorporate the whole of New Mexico tort law, including right to a jury trial and damages for emotional distress, into the "law regulating insurance" exception to ERISA preemption. In *UNUM*, the Supreme Court set out a two-part test to determine whether a state law survives ERISA preemption. *See UNUM*, 119 S. Ct. at 1386. In the first part of the test, the Court asks "whether, from a 'common sense view of the matter,' the [provision] regulates insurance." *Id.* In the second part of the test, the Court looks to the definition of the "business of insurance" in the McCarran-Ferguson Act, 15 U.S.C. § 1011: "first, whether the practice has the effect of transferring or spreading a policyholder's risk; second, whether the practice is an integral part of the policy relationship between the insurer and the insured; and third, whether the practice is limited to entities within the insurance industry." *UNUM*, 119 S. Ct. at 1386 (quoting *Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 743 (1985).

Providing a private cause of action for damages does not meet either part of the test set out in *UNUM*. Although providing a private cause of action for damages clearly affects the insurance industry, the provision does not change the substantive duties of the insurance industry to comply with provisions such as N.M. Stat. Ann. § 59A-16-20. Thus, the private cause of action provided by § 59A-16-30, from a common sense point of view, is a remedy directed toward private citizens rather than being a regulation directed at the insurance industry.

I also find that N.M. Stat. Ann. § 59A-16-30 does not meet the McCarran-Ferguson Act tests for regulating insurance. My analysis here is similar to that of the Supreme Court in *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 50-51 (1987). In that decision, the Supreme Court held that Mississippi law that provided a cause of action for bad faith against insurance companies did

6

not spread policyholder risk, had only an attenuated connection to the insurer-insured relationship, and developed from the general principles of tort and common law. *See id.* In this case, providing a private civil cause of action does not spread policyholder risk in any manner, as the cause of action is between Jefferson Pilot and Mr. Richards. The provision is no more integral a part of the relationship between the parties as was the Mississippi law that provided a cause of action for bad faith against insurance companies. However, the provision is specific to the insurance industry. Thus, only one of the three McCarran-Ferguson Act tests is met.

### III.  Plaintiff's Motion for Summary Judgment or Preliminary Injunction

Plaintiff asks that summary judgment be granted and his disability benefits reinstated or, alternatively, that a preliminary injunction reinstating Plaintiff's benefits be entered. The predicate for Plaintiff's summary judgment motion is his contention that:

1) Jefferson Pilot has never responded to the various requests for information, in violation of policy provisions;

2) Jefferson Pilot has not provided a full and fair appeal as required under the plan;

3) Plaintiff is still disabled; and

4) Plaintiff "appears to be eligible for partial disability benefits."

*See* Mem. in Support of Pl.'s Motion for Summ. J. or Prelim. Inj. *(Doc. 14)* at 3-4. Plaintiff presents allegedly undisputed facts that could support his first two contentions, but he does not even claim that his disability is undisputed or that there is undisputed evidence that he is eligible for partial disability benefits. In fact, Defendant's response memorandum presents evidence that there is a genuine issue as to whether Plaintiff qualifies for either total or partial disability benefits. *See* Def's. Resp. Mem. *(Doc. 16)* at 7-18. Although Defendant Jefferson Pilot concedes that it

7

may have committed procedural violations, Plaintiff's motion for summary judgment must be denied on the grounds that he cannot show that he is entitled to the relief requested (reinstatement of benefits) based on those procedural violations.

Plaintiff's alternative motion for a preliminary injunction must also be denied. A party seeking a preliminary injunction must establish four elements:

(1) a substantial likelihood that the movant will eventually prevail on the merits;

(2) the movant will suffer irreparable injury unless the injunction issues;

(3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and

(4) the injunction, if issued, would not be adverse to the public interest.

*See Utah v. Babbitt*, 137 F.3d 1193, 1200 n.7 (10th Cir. 1998). Plaintiff has failed to present any evidence that he will suffer irreparable injury unless the injunction issues. Plaintiff seeks purely monetary relief (statutory damages and an award of monetary benefits). Where a plaintiff can be made whole by a damage award, there is generally no irreparable injury. *See Tri-State Generation & Transmission Assoc., Inc., v. Shoshone River Power, Inc.*, 805 F.2d 351, 355 (10th Cir. 1986). Therefore, Plaintiff's motion for a preliminary injunction shall be denied.

## IV. Defendant's Counter-motion for Partial Summary Judgment

Defendant's counter-motion argues that Plaintiff's ERISA claims against Defendant Jefferson Pilot should be dismissed because Jefferson Pilot is not the "plan administrator" for the purposes of ERISA. Plaintiff has asserted two types of claims against ERISA: a claim to recover benefits under 29 U.S.C.§ 1132 (a) (1) (B), and a claim for refusal to supply information under 29 U.S.C. § 1132 (c). The parties agree that under the language of the plan, Tweeds, Inc. is the Plan

8

Administrator. *See* Ex. 1 to First Amended Complaint *(Doc. 12)* at 27. Plaintiff claims that Jefferson Pilot is liable because Tweeds has appointed Jefferson Pilot to act as its agent. *See* Pl.'s Reply to Def.'s Response *(Doc. 17)* at 14.

ERISA permits actions against an employee benefit plan and the plan administrator. *See Terry v. Bayer Corp.*, 145 F.3d 28, 35-36 (1st Cir. 1998); *Garren v. John Hancock Mut. Life Ins. Co.*, 114 F.3d 186, 187 (11th Cir. 1997). The plain language of the plan grants Tweeds, Inc. as the plan sponsor and administrator the authority to determine eligibility. *See* Ex. 1 to First Amended Complaint *(Doc. 12)* at 27. Therefore, Tweeds is a proper party to these actions.[1] The fact that Tweeds has appointed Jefferson Pilot as its agent to perform certain duties does not make Jefferson Pilot a fiduciary, so long as Tweeds retains discretion to make the final eligibility determination. *See Terry*, 145 F.3d at 35. Tweeds, as Plan Administrator, also is responsible for insuring that requested information is provided to plan participants or beneficiaries. *See* 29 U.S.C. § 1132(c). Although Jefferson Pilot may be liable to Tweeds under a breach of contract, indemnity, or similar theory if it failed to perform its duties, nonetheless Plaintiff's ERISA causes of action are against Tweeds.[2] Therefore, the ERISA claims against Defendant Jefferson Pilot shall be dismissed, but Plaintiff is granted leave to raise those issues in an amended complaint against Tweeds, Inc.

Defendant Jefferson Pilot also moves to dismiss any state common law tort and breach of

---

[1] I note that the opinions cited above only address the situation where the plan administrator retains some discretion to decide disputes. *See Terry*, 145 F.3d at 35. If the plan administrator cedes all responsibility to a third party, then it is possible that both Tweeds and Jefferson Pilot may be proper parties.

[2] My decision does not preclude Tweeds from impleading Jefferson Pilot under Rule 14 of the Federal Rules of Civil Procedure if that action is appropriate.

contract actions on the grounds that ERISA preempts those claims.  Plaintiff agrees that ERISA preempts these state common law actions, but argues that those claims may be brought under the New Mexico Unfair Insurance Practice Act, N.M. Stat. Ann. § 59A-16-20.  As I noted in Part II, *supra*, private civil causes of action for damages such as emotional distress are not "laws regulating insurance" that escape ERISA preemption.  Therefore, to the extent Plaintiff alleges any state common law claims, those claims are dismissed and Plaintiff is not granted leave to amend his complaint to bring those claims under the New Mexico Unfair Insurance Practice Act.

**WHEREFORE, IT IS ORDERED** that Plaintiff is granted leave to file an amended complaint that Tweeds, Inc. as a defendant.  Plaintiff may include in the amended complaint the previously asserted claims brought under ERISA, including the claim for breach of fiduciary duty under ERISA, but shall not include claims brought under state law.  Plaintiff shall file and serve his amended complaint no later than November 24, 1999.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment *(Doc. 13)* is **denied**.  Plaintiff's alternative motion for a preliminary injunction *(Doc. 13)* is also **denied**.

**IT IS FINALLY ORDERED** that Defendant's Counter-motion for Partial Summary Judgment *(Doc. 15)* is **granted**.  Summary judgment is entered for Defendant Jefferson Pilot Financial as to the ERISA and state law claims, and Defendant Jefferson Pilot Financial is **dismissed** from this case.

                                               **LESLIE C. SMITH**
                                               United States Magistrate Judge

F:\Brian\99-182 amend